Jack D. Tillem, Esq. Town of Oyster Bay Housing Authority P. O. Box 351 Plainview, N Y 11803
Dear Mr. Tillem:
You have asked whether the Town of Oyster Bay Housing Authority may pay a member of its Board an additional fee for his service as the hearing officer designated by the Board to conduct a disciplinary hearing required for an employee of the Authority pursuant to Civil Service Law § 75 or whether payment is precluded by annual compensation limitations. Section 75 provides that designated employees shall not be removed or subjected to discipline except for incompetence or misconduct shown after a hearing upon stated charges. Civil Service Law §75(1). The statute also provides that "the hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose."Id. § 75(2). The Board of the Authority exercises the power of removal. Thus, under the Civil Service Law the Board as a body must conduct the hearing unless it designates another person to do so. The Board would like to designate and compensate a Board member to conduct the hearing.
The compensation paid to members of the Authority is governed by the Public Housing Law, which provides in part that:
A member of an authority may be compensated on a per diem basis at a rate to be fixed by the authority not to exceed in the aggregate two thousand dollars for a member and two thousand five hundred dollars for a chairman per annum and in addition shall be entitled to the necessary expenses including traveling expenses incurred in the discharge of his duties. Public Housing Law § 32(3).
Your concern is that compensation of the member for service as a hearing officer will, when added to other per diem payments for attending Board meetings, exceed the statutory limit.
In our view, payment of the Board member as a hearing officer is subject to the statutory compensation limit for Board members. Under section75(2) of the Civil Service Law, the Authority Board may conduct the hearing. That function would be part of the regular duties of the Board subject to statutory compensation limits. Similarly, the designation of a Board member to conduct the hearing and make a recommendation to the Board, in our view, is part of the Board member's regular duties, subject to annual compensation limits. Any argument that a regular Board duty, when performed by a single member, falls outside statutory compensation limits stretches credulity and the clear statutory intent of the Public Housing Law setting a firm limit on payment for Authority Board duties. Also, in that hearing officers for section 75 hearings are readily available, it is unnecessary to select a Board member for this function. We believe it would be contrary to public policy to construe the statute to exempt this payment under these circumstances.
We conclude that the Board of a Municipal Housing Authority may not pay one of its members to conduct a hearing pursuant to Civil Service Law § 75 if the payment, when added to other compensation, exceeds the statutory compensation limit.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions